UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAUREEN KILLORAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., et al., <br><br> Defendants. | Case No.:15-CV-00864-LHK <br><br> **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** <br><br> Re: Dkt. No. 1 |

On February 25, 2015, Plaintiffs Maureen Killoran and David Killoran (collectively, "Plaintiffs") filed the instant ex parte application for a temporary restraining order and order to show cause. ("Mot."), ECF No. 1. Counsel for Defendants filed a declaration in opposition to Plaintiffs' motion on February 26, 2015. ECF No. 11. Plaintiffs filed a reply that same day. ECF No. 12. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiffs' ex parte application for a temporary restraining order and order to show cause.

## I. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for

1

Case No.: 15-cv-00864-LHK
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).

## II. DISCUSSION

Here, the Court concludes that it would be inappropriate to grant Plaintiffs' ex parte application for a temporary restraining order ("TRO") for both procedural and substantive reasons. As discussed below, the Court finds that Plaintiffs have failed to comply with the requirements of the District's civil local rules, and that Plaintiffs have failed to make a clear showing that injunctive relief is appropriate here.

First, Plaintiffs have failed to comply with Civil Local Rule 65-1(a)(1), which requires that an "*ex parte* motion for a temporary restraining order must be accompanied by: (1) A copy of the complaint . . . ." The Court has reviewed the docket and found no complaint or similar pleading. As another court in this District has explained, "the initial presence of [a complaint] is the traditional precursor to a TRO application and has been considered a condition precedent to seeking such an order." *Herguan Univ. v. Immigration and Customs Enforcement*, No. 12-CV-4364-EJD, 2012 WL 3627862, at *2 (N.D. Cal. Aug. 21, 2012) (citing *Stewart v. United States I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Plaintiffs' failure to comply with Civil Local Rule 65-1(a)(1) is sufficient grounds for denial of

Case No.: 15-cv-00864-LHK
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

1   this motion. *See* Civ. L.R. 1-4.

2   Plaintiffs cite *National Organization for Reform of Marijuana Laws v. Mullen*, 608 F. Supp. 945, 950 n.5 (N.D. Cal. 1985), for the proposition that the filing of a complaint is not a necessary prerequisite to a TRO. However, *Mullen* is inapposite as the plaintiffs had filed a complaint providing notice of their claims to the defendants and establishing the court's jurisdiction over the matter. *See id.* Plaintiffs also cite *United States v. Lynd*, 301 F.2d 818, 823 (5th Cir. 1962). Again, however, *Lynd* is procedurally distinguishable as the government had filed a complaint and the action had proceeded partway through trial before the district court granted a thirty day recess to allow the defendants time to prepare their defense. *Id.* at 820–21. These cases are factually and procedurally distinguishable and do not excuse Plaintiffs from complying with the District's civil local rules. As explained below, this procedural defect also implicates the substantive merits of Plaintiffs' application, as the Court lacks the necessary information to determine whether Plaintiffs can satisfy the elements for a temporary restraining order.

Second, the Court finds that a temporary restraining order would be inappropriate on the merits based on Plaintiffs' current submissions. Absent a complaint, or additional supporting documents, the Court concludes that Plaintiffs have not made the "*clear showing*" required to merit the imposition of a temporary restraining order. *See Lopez*, 680 F.3d at 1072. Plaintiffs request a TRO ordering Defendants to "continue to cover and provide 24/7 hospice care at Plaintiff's home" for Maureen Killoran. *See* ECF No. 1 at 3. As explained below, based on the Court's review of Plaintiffs' submissions, the Court is unable to determine whether Plaintiffs will be able to show a likelihood of success on the merits. *See Winter*, 555 U.S. at 20. As Plaintiffs bear the burden of persuasion, the Court denies Plaintiffs' application. *See Klein*, 584 F.3d at 1201.

Specifically, Plaintiffs have not explained what alleged wrongful actions the Defendants have taken, or when that alleged conduct occurred. It is unclear whether Plaintiffs have actually submitted requests for covered services that have been formally denied by Defendants. *See, e.g.*,

3

Case No.: 15-cv-00864-LHK
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Declaration of David Killoran, ECF No. 1-2, ¶ 15 ("Kaiser has *intimated* that Maureen may no longer qualify for hospice benefits . . . .") (emphasis added). The Court is unable to determine, based on Plaintiffs' motion and supporting declaration, whether Defendants have previously denied Maureen Killoran hospice care, have indicated that they will deny future care, or have taken any action at all with regards to the provision or denial of covered services. Plaintiffs have not submitted any information regarding whether Defendants have determined that 24 hour care is not "necessary" as defined by the benefits plan, or whether a physician has concluded the opposite. *See* ECF No. 1-3, Exh. A (Evidence of Coverage, "EOC") at 32 (providing that 24 hour care is available "if *necessary* for your hospice care") (emphasis added); *see also* ECF No. 1-5 (California Hospice & Palliative Care Association Standards of Quality), at 2 (explaining hospice care as including services at home, "[t]o the extent appropriate, based on the *medical needs* of the patient") (emphasis added).

Moreover, absent such information, the Court is unable to determine whether Plaintiffs are obligated to comply with the benefits plan's grievance procedures, or whether Plaintiffs' claims would fall within the binding arbitration clause of the benefits plan. *See* EOC at 52 (explaining that grievance procedures apply when a member is told "Services are not covered and you believe the Services should be covered"); EOC at 53 (urgent grievance procedure); EOC at 56 (binding arbitration clause). The Court is aware that Plaintiffs filed a brief statement indicating that the arbitration procedure is "inadequate" because it would take a minimum of two weeks to appoint an arbitrator. *See* ECF No. 9. However, the Court is unaware of how long Plaintiffs have been aware of their claim against Defendants, and whether the arbitration procedure would have been adequate had Plaintiffs initiated the required process at the time Plaintiffs first discovered Defendants' alleged wrongful conduct. Plaintiffs' declaration in support of their application seems to imply that Plaintiffs have known of the alleged wrongful conduct for some time. *See, e.g.*, Killoran Decl. ¶¶ 17–18 (stating that Defendants have "repeatedly stated that they do not have the personnel available to provide" the requested services, and that Defendants have "only provided a

4

Case No.: 15-cv-00864-LHK
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

few hours of these services since Maureen's hospice began"). Furthermore, the Court notes that to the extent the benefits plan falls within the scope of the Federal Arbitration Act, the arbitration clause is presumed valid and enforceable, and the party resisting arbitration bears the burden of showing that the agreement is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

In sum, the Court finds that Plaintiffs have both failed to comply with Civil L.R. 65-1(a)(1) and have not made the "clear showing" required to justify the "extraordinary and drastic remedy" of a temporary restraining order. *Lopez*, 680 F.3d at 1072.

### III. CONCLUSION

For the reasons stated above, the Court DENIES without prejudice Plaintiffs' ex parte application for a temporary restraining order and order to show cause. The Court directs Plaintiffs to address the concerns outlined in this order in any renewed application.

**IT IS SO ORDERED.**

Dated: February 27, 2015

_____
LUCY H. KOH
United States District Judge

Case No.: 15-cv-00864-LHK
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

5